UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TECK METALS, LTD., and HISTORY ASSOCIATES INCORPORATED,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES BUREAU OF INDIAN AFFAIRS,<br><br>    Defendant. | NO. CV-09-290-LRS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, IN PART** |

   **BEFORE THE COURT** is the Plaintiffs' Motion For Summary Judgment (Ct. Rec. 16).  The motion is heard without oral argument.  For the reasons set forth below, the motion is **GRANTED in part**, and to the extent not granted at this time, is **STAYED** pending compliance with the terms of this order pertaining to the records held in Lakewood, Colorado.

   Based on the record before the court, it is undisputed that Defendant Bureau of Indian Affairs (BIA) did not timely respond to Plaintiffs' Freedom Of Information Act (FOIA) request, as required by 5 U.S.C. § 522(a)(6)(A)(I), and did not timely respond to Plaintiffs' administrative appeal, as required by 5 U.S.C. § 552(a)(6)(A)(ii).  Accordingly, the court will grant, as a matter of law, the declaratory relief requested by Plaintiffs.  Defendant's failure to timely respond to Plaintiffs' FOIA requests is unlawful, as is Defendant's failure to timely respond to Plaintiffs' administrative appeal.

   Plaintiffs' claims are not moot as it is apparent, and undisputed, that not all

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT -    1**

of the records requested have been provided to Plaintiffs. The March 29, 2010 Declaration of Laura Cloud, Attachment A to Ct. Rec. 26, states at Paragraph 12 that "[a]n additional search of the Colville Agency Office in Nespelem, Washington revealed more agency documents responsive to the plaintiff's FOIA request" and that "[t]hese documents, along with the final batch of documents from the Division of Energy and Mineral Developments are currently under review by the Office of the Solicitor and will be released to plaintiff this week, along with a *Vaughn* Index describing material withheld from a small number of the responsive documents under exemptions to the FOIA." The BIA has yet to certify that all responsive agency records have been located, were released, or that a *Vaughn* Index was provided to Plaintiffs, notwithstanding the representation in its February 19 memorandum in response to Plaintiffs' motion for summary judgment (Ct. Rec. 23 at p. 4) that this would be accomplished by the date of the hearing on Plaintiffs' motion.

      The crux of the parties' dispute pertains to the 17 boxes of records, and associated maps and records, currently located in Lakewood, Colorado at the Division of Energy and Mineral Development (DEMD) within the Assistant Secretary of Indian Affairs's (AS-IA's) Office of Indian Energy and Economic Development (OIEED). The Confederated Tribes of the Colville Reservation ("Tribes") assert the 17 boxes do not contain BIA records, but are being held in bailment by BIA, and moreover the records are exempt from disclosure under various FOIA exemptions. BIA acknowledges it has not made a formal decision regarding the status of the records and is willing to allow the court to determine the status. Plaintiffs assert the records in question are "agency records" and this court should "[o]rder BIA and DOI [Department of Interior] to immediately disclose the requested records to Plaintiffs."

      The Colville Tribes are plaintiffs in CV-04-256-LRS, *Pakootas v. Teck*

**ORDER GRANTING MOTION**
**FOR SUMMARY JUDGMENT -    2**

*Cominco Metals, Ltd.* It appears to be undisputed that the records contained in the 17 boxes are, in general, "discoverable" in that litigation. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The records in the 17 boxes are presumptively relevant to the question of whether the Tribes engaged in mining activity that may have contributed to the contamination of Lake Roosevelt. On November 19, 2009, this court entered a stipulated protective order in *Pakootas* (Ct. Rec. 406 in CV-04-256-LRS) which addresses both "confidential" and "privileged" information. It appears to this court that it is not necessary to determine whether the records are "agency records" subject to FOIA, and that an order can be fashioned which accommodates and preserves the interests of the Tribes and Teck Metals, Ltd. ("Teck").

Accordingly, within fifteen (15) days of the date of this order, BIA will prepare a complete and detailed index identifying the records contained in the 17 boxes and the associated maps and records.[1] Immediately upon completion of the index, copies shall forthwith be provided to counsel for the Tribes and for Teck. Within ten (10) days thereafter, counsel will advise BIA of any claimed inadequacy regarding the index. If the alleged inadequacy is not satisfactorily resolved, counsel will promptly advise the court of the same. If the index is satisfactory, **copies** of the records identified will forthwith be provided by BIA to counsel for the Tribes. The **originals** shall remain in the possession of BIA pending further order of the court. The expense of making the copies shall be borne equally by the Tribes and Teck. After receipt of the copies, counsel for the Tribes will, in accord with the terms of the protective order entered in CV-04-256-

---

[1] This will not be a *Vaughn* Index because the records are not being treated as FOIA records at this juncture. Therefore, there is no need to claim FOIA exemptions.

**ORDER GRANTING MOTION**
**FOR SUMMARY JUDGMENT -    3**

LRS, designate those records they deem "confidential," and those which they deem "privileged." Counsel for the Tribes will then, in accord with the terms of the protective order, provide copies of the "confidential" records to counsel for Teck, as well as a privilege log identifying those documents asserted to be "privileged." Counsel for Teck can thereafter challenge any assertion of privilege and any such challenge will be resolved by the court.

**IT IS SO ORDERED.** The District Court Executive shall forward copies of this order to counsel of record.

**DATED** this ___16th___ day of April, 2010.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Chief United States District Court Judge

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT -    4**